UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ILLINOIS TOOL WORKS INC., a Delaware corporation, on behalf of its Permatex division,<br><br>Plaintiff,<br><br>vs.<br><br>J-B WELD COMPANY, LLC, a Colorado limited liability company,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. 2:19-cv-01434<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S MEMORANDUM IN SUPPORT
OF ITS MOTION FOR PRELIMINARY INJUNCTION**

i

**TABLE OF CONTENTS**

I. INTRODUCTION .................................................................................................................. 1

II. STATEMENT OF FACTS ................................................................................................... 1

III. LEGAL STANDARD............................................................................................................ 2

IV. ARGUMENT......................................................................................................................... 3

    A. A Preliminary Injunction Is Warranted Because ITW Is Likely To Succeed on Its Counterfeit Claim and Is Suffering Irreparable Harm. ............................................... 3

        1. J-B Weld's MUFFLERWELD mark is a counterfeit of ITW's federally-registered MUFFLER WELD mark.................................................................... 3

        2. ITW is likely to prevail on the merits of its counterfeit claim............................. 4

        3. ITW meets the four-factor test for preliminary injunctions set forth in *eBay*. .... 5

            a) J-B Weld's sale of counterfeit MUFFLERWELD products is causing irreparable injury to ITW. .................................................................. 5

            b) Legal remedies would be insufficient to compensate ITW for the injury caused by J-B Weld's sale of counterfeit MUFFLERWELD products. ......... 6

            c) The balance of hardships favors ITW. ........................................................ 6

            d) The public interest would not be disserved by a preliminary injunction. ...... 7

    B. A Preliminary Injunction Is Warranted Because ITW Is Likely To Succeed on Its Trademark Infringement Claim and Is Suffering Irreparable Harm. ......................... 7

        1. ITW is likely to prevail on the merits of its trademark infringement claim. ........ 7

            a) ITW's MUFFLER WELD mark is strong. .................................................. 8

            b) The parties' marks are substantially indistinguishable. ............................... 9

            c) The parties' products are identical, so there is no "gap" for ITW to "bridge." ...................................................................................................... 9

            d) J-B Weld adopted the MUFFLERWELD mark in bad faith. ..................... 10

            e) Purchasers of the parties' products are not sophisticated and the parties' products are inexpensive............................................................................. 10

    f) The "actual confusion" and "quality of defendant's products" factors are neutral. ................................................................................................................ 11

  2. ITW meets the four-factor test for preliminary injunctions set forth in *eBay*. .. 12

V. CONCLUSION ................................................................................................................. 12

# TABLE OF AUTHORITIES

**Cases**

*A. T. Cross Co. v. Jonathan Bradley Pens, Inc.*, 470 F.2d 689 (2d Cir. 1972).............................. 1

*C.L.A.S.S. Promotions, Inc. v. D.S. Magazines, Inc.*, 753 F.2d 14 (2d Cir. 1985) ....................... 10

*Cadbury Beverages, Inc. v. Cott Corp.*, 73 F.3d 474 (2d Cir. 1996)............................................... 8

*CJ Prod. LLC v. Snuggly Plushez LLC*, 809 F. Supp. 2d 127 (E.D.N.Y. 2011).......................... 12

*Diesel S.P.A. v. Does*, No. 14-CV-4592 (KMW), 2016 WL 96171 (S.D.N.Y. Jan. 8, 2016) ........ 8

*eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388 (2006).............................................................. 2

*Espinoza v. Allen Imports & Trade Corp.*, 100 F.3d 942 (2d Cir. 1996) ........................................ 4

*Franklin v. X Gear 101, LLC*, No. 17CIV6452GBDGWG, 2018 WL 3528731
    (S.D.N.Y. July 23, 2018), *report and recommendation adopted*, no. 17CIV6452GBDGWG,
    2018 WL 4103492 (S.D.N.Y. Aug. 28, 2018)........................................................................... 10

*Gen. Signal Corp. v. Donallco Inc.*, No. CIV. B-80-568, 1982 WL 52152
    (D. Conn. Jan. 19, 1982)............................................................................................................. 4

*Gucci Am., Inc. v. Duty Free Apparel, Ltd.*, 286 F. Supp. 2d 284 (S.D.N.Y. 2003) ....................... 4

*Guthrie Healthcare Sys. v. ContextMedia, Inc.*, 826 F.3d 27 (2d Cir. 2016) ............................... 11

*Kelly-Brown v. Winfrey*, 717 F.3d 295 (2d Cir. 2013).................................................................... 3

*Larsen v. Ortega*, 816 F. Supp. 97 (D. Conn. 1992), *aff'd*, 990 F.2d 623 (2d Cir. 1993) ............ 11

*Lavatec Laundry Tech., GmbH v. Lavatec, Inc.*, No. 3:13-CV-56 SRU, 2014 WL 6633047
    (D. Conn. Nov. 21, 2014) ........................................................................................................... 7

*Life Indus. Corp. v. Star Brite Distrib., Inc.*, 31 F.3d 42 (2d Cir. 1994) ......................................... 8

*Lois Sportswear, U.S.A., Inc. v. Levi Strauss & Co.*, 799 F.2d 867 (2d Cir. 1986)........................ 8

*Louis Vuitton Malletier v. Dooney & Bourke, Inc.*, 454 F.3d 108 (2d Cir. 2006) .......................... 9

*Majestic Drug Co. v. Olla Beauty Supply, Inc.*, No. 97 CIV. 0046 (LAP),
    1997 WL 37955 (S.D.N.Y. Jan. 31, 1997) ................................................................................. 8

*Malletier v. Burlington Coat Factory Warehouse Corp.*, 426 F.3d 532 (2d Cir. 2005).................. 9

*McGregor-Doniger Inc. v. Drizzle Inc.*, 599 F.2d 1126 (2d Cir. 1979) ........................................ 11

*Mitchell Grp. USA LLC v. Udeh*, No. 14CV5745DLIJO, 2014 WL 12837548
    (E.D.N.Y. Oct. 7, 2014) .............................................................................................................. 4

*Mobil Oil Corp. v. Pegasus Petroleum Corp.*, 818 F.2d 254 (2d Cir. 1987)................................ 10

*Mobileye, Inc. v. Picitup Corp.*, 928 F. Supp. 2d 759 (S.D.N.Y. 2013) ....................................... 10

*N. Atl. Operating Co. v. Evergreen Distributors, LLC*, No. 13-CV-4974 ERK VMS, 2013 WL
    5603602 (E.D.N.Y. Sept. 27, 2013), *report and recommendation adopted,* No. 13-CV-4974
    ERK VMS, 2013 WL 5603596 (E.D.N.Y. Oct. 11, 2013) ......................................................... 4

*New York City Triathlon, LLC v. NYC Triathlon Club, Inc.*, 704 F. Supp. 2d 305
 (S.D.N.Y. 2010) .................................................................................................. 3, 5, 6, 10, 11

*New York State Elec. & Gas Corp. v. U.S. Gas & Elec., Inc.*, 697 F. Supp. 2d 415
 (W.D.N.Y. 2010) ................................................................................................................. 9

*Nikon, Inc. v. Ikon Corp.*, 803 F. Supp. 910 (S.D.N.Y. 1992) ....................................................... 11

*Polaroid Corp. v. Polarad Elecs. Corp.*, 287 F.2d 492 (2d Cir. 1961) ................................... 4, 8, 9

*Romag Fasteners, Inc. v. J.C. Penney, Inc.*, No. 07-CV-1667 (JBA), 2007 WL 4225792
 (D. Conn. Nov. 28, 2007) .................................................................................................... 4

*Salinger v. Colting*, 607 F.3d 68 (2d Cir. 2010) ............................................................................ 3

*Suisman, Shapiro, Wool, Brennan, Gray, & Greenberg, P.C. v. Suisman*, No. 3:04-CV-745
 (JCH), 2006 WL 387289 (D. Conn. Feb. 15, 2006) ........................................................... 7

*Tyr Sport, Inc. v. Tyr Nat. Spring Water, Inc.*, No. 3:12-CV-761 SRU, 2013 WL 2455925
 (D. Conn. June 5, 2013) ................................................................................................... 6, 7

*U.S. Polo Ass'n, Inc. v. PRL USA Holdings, Inc.*, 800 F. Supp. 2d 515 (S.D.N.Y. 2011), *aff'd*,
 511 F. App'x 81 (2d Cir. 2013) ......................................................................................... 5, 6

*Victorinox AG v. B & F Sys., Inc.*, No. 13 CIV. 4534 JSR, 2015 WL 5440670
 (S.D.N.Y. Sept. 8, 2015) ...................................................................................................... 6

*Virgin Enterprises Ltd. v. Nawab*, 335 F.3d 141 (2d Cir. 2003) .................................................. 12

*WM Int'l, Inc. v. 99 Ranch Mkt. #601*, 329 F.R.D. 491 (E.D.N.Y. 2019) .................................... 10

*Yurman Studio, Inc. v. Castaneda*, 591 F. Supp. 2d 471 (S.D.N.Y. 2008) .................................... 4

**Statutes**

15 U.S.C. § 1127 ............................................................................................................................. 3

**Other Authorities**

J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition*,
 § 25:15.50 (5th ed. 2019). ................................................................................................... 4

I. **INTRODUCTION**

Courts in this Circuit "do[] not look with much favor on the businessman who, out of the wealth of words available, chooses as a trademark one which comes as close as he dares to a well known mark on the identical product." *A. T. Cross Co. v. Jonathan Bradley Pens, Inc.*, 470 F.2d 689, 692 (2d Cir. 1972). Plaintiff, Illinois Tool Works Inc., on behalf of its Permatex division ("ITW"), owns a long-standing incontestable federal registration for the trademark MUFFLER WELD for a muffler sealant product. Out of a sea of available alternatives, Defendant, J-B Weld Company, LLC ("J-B Weld"), chose to adopt the essentially identical trademark MUFFLERWELD for its own muffler sealant product.

ITW and J-B Weld are competitors in the automotive aftermarket industry. Indeed, J-B Weld's MUFFLERWELD product replaced ITW's MUFFLER WELD product at AutoZone. It is thus inconceivable that J-B Weld would not have known about ITW's well-established brand when it adopted the nearly-identical mark for identical products. A preliminary injunction is warranted to stop J-B Weld's acts of counterfeiting and trademark infringement and to protect consumers from otherwise-inevitable confusion.

II. **STATEMENT OF FACTS**

ITW manufactures, distributes, and sells products in the automotive aftermarket industry. Declaration of Frank Agrafojo ("Agrafojo Decl."), attached hereto as Exhibit 1, ¶ 2. Since 1976, ITW and its predecessors have sold a sealant for automotive exhaust systems under the trademark MUFFLER WELD. *Id.*, ¶ 3. The MUFFLER WELD sealant can be applied to mufflers, resonators, tailpipes, and other exhaust system components to repair cracks and other damage and extend the life of the exhaust system. *Id.*, ¶ 4. ITW owns an incontestable federal trademark registration for the MUFFLER WELD mark (Reg. No. 1064459), which issued on April 26, 1977. *Id.*, ¶ 5.

MUFFLER WELD sealants are strong sellers for ITW, with annual gross sales in the hundreds of thousands of dollars. *Id.*, ¶ 6. ITW sells its MUFFLER WELD products throughout the United States at automotive supply stores such as O'Reilly Auto Parts and NAPA Auto Parts, and to distributors who, in turn, sell the products to independent automotive supply stores and service garages. *Id.*, ¶ 7. For years, ITW had also sold its MUFFLER WELD product through AutoZone, a national automotive supply store. *Id.*, ¶ 8. AutoZone stopped stocking ITW's MUFFLER WELD product earlier this year. *Id.*, ¶ 9.

On August 5, 2019, ITW learned that J-B Weld started selling a muffler sealant at AutoZone using the name MUFFLERWELD. *Id.*, ¶ 10. J-B Weld's MUFFLERWELD products are sold throughout the United States, including at AutoZone in Hartford, Connecticut. *Id.*, ¶ 11. The parties' respective products are targeted to the same types of consumers, namely, DIYers (do-it-yourselfers) who perform automotive maintenance on their vehicles. *Id.*, ¶ 12. Both ITW's MUFFLER WELD and J-B Weld's MUFFLERWELD products cost in the range of $5–$10. Agrafojo Decl. ¶ 13.

Concerned about the imminent risk of confusion between J-B Weld's MUFFLERWELD sealant and ITW's long-standing MUFFLER WELD sealant, ITW hereby moves for preliminary injunction to stop the sale and distribution of J-B Weld's MUFFLERWELD product.

### III.   LEGAL STANDARD

To obtain a preliminary injunction in the Second Circuit, a plaintiff need only show a likelihood of success on the merits and satisfy the four-part test articulated by the Supreme Court in *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006):

> A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*Salinger v. Colting*, 607 F.3d 68, 77 and 78 n.7 (2d Cir. 2010) (quoting *eBay* and noting that, although the case at bar involved a preliminary injunction in a copyright case, while *eBay* involved a permanent injunction in a patent case, "we see no reason that *eBay* would not apply with equal force to an injunction in *any* type of case.") (emphasis original); *see also New York City Triathlon, LLC v. NYC Triathlon Club, Inc.*, 704 F. Supp. 2d 305, 328 (S.D.N.Y. 2010) ("The Court understands *Salinger* as indicating that the standard for injunctive relief historically applied in this jurisdiction must be abandoned in favor of the one articulated by the Supreme Court (whose mandates we are all bound to follow) in *eBay*. The Court can think of no reason why the standards for injunctive relief articulated by the High Court in a copyright infringement case might not apply in a trademark infringement case.").

### IV.   ARGUMENT

#### A.   A Preliminary Injunction Is Warranted Because ITW Is Likely To Succeed on Its Counterfeit Claim and Is Suffering Irreparable Harm.

##### 1.   J-B Weld's MUFFLERWELD mark is a counterfeit of ITW's federally-registered MUFFLER WELD mark.

"A 'counterfeit' is a spurious mark which is identical with, or substantially indistinguishable from, a registered mark." 15 U.S.C. § 1127; *Kelly-Brown v. Winfrey*, 717 F.3d 295, 314 (2d Cir. 2013). J-B Weld's MUFFLERWELD mark is a counterfeit because it is substantially indistinguishable from ITW's registered mark, MUFFLER WELD; the only difference between the marks is a single space.

Although counterfeit products are often "knock-offs" of famous brands, the plaintiff's mark need not be a household name to form the basis of a successful counterfeit claim. The Second Circuit and its district courts have ordered and upheld preliminary injunctions, and even temporary restraining orders, against the sale of counterfeit versions of lesser-known products,

such as ALEN cereal (*Espinoza v. Allen Imports & Trade Corp.*, 100 F.3d 942 (2d Cir. 1996)); ROMAG handbag snaps (*Romag Fasteners, Inc. v. J.C. Penney, Inc.*, No. 07-CV-1667 (JBA), 2007 WL 4225792, at *6 (D. Conn. Nov. 28, 2007)); NEW YORK AIR BRAKE and STRATOPOWER aviation parts (*Gen. Signal Corp. v. Donallco Inc.*, No. CIV. B-80-568, 1982 WL 52152, at *17 (D. Conn. Jan. 19, 1982)); and ZIG-ZAG cigarette rolling papers (*N. Atl. Operating Co. v. Evergreen Distributors, LLC*, No. 13-CV-4974 ERK VMS, 2013 WL 5603602, at *8 (E.D.N.Y. Sept. 27, 2013), *report and recommendation adopted*, No. 13-CV-4974 ERK VMS, 2013 WL 5603596 (E.D.N.Y. Oct. 11, 2013)).

**2.     ITW is likely to prevail on the merits of its counterfeit claim.**

In adjudicating trademark infringement claims, courts in the Second Circuit analyze the eight "Polaroid factors." *Polaroid Corp. v. Polarad Elecs. Corp.*, 287 F.2d 492, 495 (2d Cir. 1961). When the defendant's product is a counterfeit, however, as J-B Weld's MUFFLERWELD product is, "the Court need not undertake a factor-by-factor analysis under *Polaroid* because counterfeits, by their very nature, cause confusion … Thus, the Court need only determine the more fundamental question of whether there are items to be confused in the first place – that is, whether the items at issue here are, in fact, counterfeit and whether Defendants sold those items." *Gucci Am., Inc. v. Duty Free Apparel, Ltd.*, 286 F. Supp. 2d 284, 287 (S.D.N.Y. 2003); *see also Mitchell Grp. USA LLC v. Udeh*, No. 14CV5745DLIJO, 2014 WL 12837548, at *1 (E.D.N.Y. Oct. 7, 2014)*; Yurman Studio, Inc. v. Castaneda*, 591 F. Supp. 2d 471, 498 (S.D.N.Y. 2008); J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition*, § 25:15.50 (5th ed. 2019).

As discussed above, J-B Weld's MUFFLERWELD sealant is a counterfeit product because MUFFLERWELD is a spurious mark that is substantially indistinguishable from ITW's

federally-registered MUFFLER WELD mark, and is used on identical products. Thus, ITW is likely to succeed on the merits of its counterfeit claim.

### 3. ITW meets the four-factor test for preliminary injunctions set forth in *eBay*.

To prevail on a motion for preliminary injunction, after establishing a likelihood of success on the merits, a plaintiff must demonstrate (1) irreparable injury; (2) the insufficiency of legal remedies, such as monetary damages; (3) the balance of hardships is in its favor; and (4) the public interest would not be disserved by an injunction. *eBay*, 547 U.S. at 391. All four factors favor ITW.

#### a) J-B Weld's sale of counterfeit MUFFLERWELD products is causing irreparable injury to ITW.

"Irreparable harm exists in a trademark case when the party seeking the injunction shows that it will lose control over the reputation of its trademark ... because loss of control over one's reputation is neither calculable nor precisely compensable." *U.S. Polo Ass'n, Inc. v. PRL USA Holdings, Inc.*, 800 F. Supp. 2d 515, 540 (S.D.N.Y. 2011), *aff'd*, 511 F. App'x 81 (2d Cir. 2013) (internal citations omitted).

Given the parties' identical products and the substantially indistinguishable nature of their marks, consumers will surely assume, wrongly, that J-B Weld's newly-released MUFFLERWELD sealants are authorized by ITW or affiliated with ITW's long-standing MUFFLER WELD product. The reputation and goodwill ITW has developed in MUFFLER WELD over 40 years of selling sealants under the mark is thus entirely out of its hands. J-B Weld's MUFFLERWELD product "may or may not be of high quality, sold with sufficient care to customer service, or convey the same branding image that has been highly cultivated by" ITW over the past four decades. *See id.* at 541. "Prospective loss of this goodwill alone is sufficient to support a finding of irreparable harm." *New York City Triathlon*, 704 F. Supp. 2d at 343.

> **b)** ***Legal remedies would be insufficient to compensate ITW for the injury caused by J-B Weld's sale of counterfeit MUFFLERWELD products.***

"Because the losses of reputation and goodwill and resulting loss of customers are not precisely quantifiable, remedies at law cannot adequately compensate" ITW for the injuries J-B Weld is causing. *See U.S. Polo Ass'n*, 800 F. Supp. 2d at 541; *see also Victorinox AG v. B & F Sys., Inc.*, No. 13 CIV. 4534 JSR, 2015 WL 5440670, at *3 (S.D.N.Y. Sept. 8, 2015). Moreover, ITW lost goodwill and the control of its reputation the moment J-B Weld launched its counterfeit MUFFLERWELD product, and will continue to face this loss until J-B Weld's sales are enjoined. *See New York City Triathlon*, 704 F. Supp. 2d at 326. "No monetary sum can sufficiently remedy [ITW] for this type of harm to its … brand." *Id.*

> **c)** ***The balance of hardships favors ITW.***

The balance of hardships weighs heavily in ITW's favor because it has lost control of its reputation and the goodwill it has built up in its MUFFLER WELD mark and cannot regain them until J-B Weld is enjoined. *See* Section IV(A)(3)(a), *supra*. By contrast, the only hardship J-B Weld would suffer from the injunction would be that it must stop selling counterfeit products that deceive consumers. *See Tyr Sport, Inc. v. Tyr Nat. Spring Water, Inc.*, No. 3:12-CV-761 SRU, 2013 WL 2455925, at *4 (D. Conn. June 5, 2013). Additionally, ITW and its predecessors have sold MUFFLER WELD sealants for over 40 years, while J-B Weld's counterfeit products launched within the past few months. *See U.S. Polo Ass'n*, 800 F. Supp. 2d at 541; *New York City Triathlon*, 704 F. Supp. 2d at 344. J-B Weld's products have not been on the market long enough to have established a reputation or significant presence.

> d) **_The public interest would not be disserved by a preliminary injunction._**

"[T]he public has an interest in not being deceived—in being assured that the mark it associates with a product is not attached to goods of unknown origin and quality." *Id.* (internal citation omitted). Because J-B Weld's decision to adopt a substantially identical mark for identical products is likely to confuse consumers, the public would benefit from a preliminary injunction. Moreover, "the public interest is served by an injunction that protects property interests in trademarks and helps enforce federal law." *Tyr Sport*, 2013 WL 2455925, at *4; *see also Lavatec Laundry Tech., GmbH v. Lavatec, Inc.*, No. 3:13-CV-56 SRU, 2014 WL 6633047, at *2 (D. Conn. Nov. 21, 2014).

> **B. A Preliminary Injunction Is Warranted Because ITW Is Likely To Succeed on Its Trademark Infringement Claim and Is Suffering Irreparable Harm.**
>
> **1. ITW is likely to prevail on the merits of its trademark infringement claim.**

Even were the Court to determine that J-B Weld's product does not qualify as a counterfeit, ITW is still entitled to a preliminary injunction because it is likely to prevail on the merits of its trademark infringement claim.

In adjudicating trademark infringement claims, courts in the Second Circuit analyze the eight "Polaroid factors":

> (1) the strength of [plaintiff's] mark, (2) the degree of similarity between the two marks, (3) the proximity of the products, (4) the likelihood that the prior owner will bridge the gap, (5) actual confusion, and (6) the reciprocal of defendant's good faith in adopting its own mark, (7) the quality of defendant's product, and (8) the sophistication of the buyers.

*Polaroid*, 287 F.2d at 495 (numbering added for clarity); *Suisman, Shapiro, Wool, Brennan, Gray, & Greenberg, P.C. v. Suisman*, No. 3:04-CV-745 (JCH), 2006 WL 387289, at *6 (D. Conn. Feb. 15, 2006) ("Likelihood of confusion is determined according to the familiar eight

factor test set forth by Judge Friendly in *Polaroid Corp. v. Polarad Elecs. Corp.,* 287 F.2d 492, 495 (2d Cir.1961)."). Because all of these factors either favor ITW or are neutral, ITW has established a likelihood of success on the merits.

### a) *ITW's MUFFLER WELD mark is strong.*

"The strength of a mark is its tendency to identify the goods sold under the mark as emanating from a particular, although possibly anonymous, source." *Cadbury Beverages, Inc. v. Cott Corp.*, 73 F.3d 474, 479 (2d Cir. 1996) (internal citation and quotation marks omitted). Two important factors courts consider when determining a mark's strength are the amount of time the mark has been in use, and whether it is protected by an incontestable registration. *Id.* (COTT mark developed strength through 60 years' use on soft drinks; incontestable registration also supports finding of strength); *Life Indus. Corp. v. Star Brite Distrib., Inc.*, 31 F.3d 42, 46 (2d Cir. 1994) ("long-used" trade dress is strong); *Lois Sportswear, U.S.A., Inc. v. Levi Strauss & Co.*, 799 F.2d 867, 871 (2d Cir. 1986) (plaintiff's "back pocket stitching pattern deserves the highest degree of protection", in part because "the mark is registered and incontestable.").

ITW has used the MUFFLER WELD mark since 1976 and obtained the now-incontestable federal trademark registration in 1977. Agrafojo Decl., ¶ 5. ITW's use of the MUFFLER WELD trademark over the past four decades, with hundreds of thousands of dollars of sales, weighs in favor of a finding that the MUFFLER WELD mark is strong.

Another key factor demonstrating a mark's strength is intentional copying of the mark. *Diesel S.P.A. v. Does*, No. 14-CV-4592 (KMW), 2016 WL 96171, at *4 (S.D.N.Y. Jan. 8, 2016) ("Defendants' deliberate copying of Plaintiff's marks provides circumstantial evidence of the strength of those marks"); *Majestic Drug Co. v. Olla Beauty Supply, Inc.*, No. 97 CIV. 0046 (LAP), 1997 WL 37955, at *11 (S.D.N.Y. Jan. 31, 1997) ("Defendants' intentional copying

raises a presumption that they hoped to capitalize on the established strength of plaintiff's dress.").

Here, J-B Weld adopted a nearly-identical mark for an identical product that replaced ITW's MUFFLER WELD sealant at AutoZone. Agrafojo Decl. ¶ 10. These facts support a finding that J-B Weld intentionally copied ITW's trademark in the hopes of capitalizing on the goodwill and reputation of the MUFFLER WELD brand, further demonstrating the strength of ITW's mark.

### b) The parties' marks are substantially indistinguishable.

"The similarity of the marks is a key factor in determining likelihood of confusion." *Louis Vuitton Malletier v. Dooney & Bourke, Inc.*, 454 F.3d 108, 117 (2d Cir. 2006); *see also Malletier v. Burlington Coat Factory Warehouse Corp.*, 426 F.3d 532, 537 (2d Cir. 2005) ("Of salient importance among the *Polaroid* factors is the 'similarity of the marks' test"). "That is particularly true when the plaintiff and defendant are engaged in the same type of business", as is the case with ITW and J-B Weld. *See New York State Elec. & Gas Corp. v. U.S. Gas & Elec., Inc.*, 697 F. Supp. 2d 415, 431 (W.D.N.Y. 2010).

ITW's mark is MUFFLER WELD and J-B Weld's mark is MUFFLERWELD. The only change J-B Weld made was to remove the space between the "MUFFLER" and "WELD" portions of ITW's mark. This change is so minor that the marks are substantially indistinguishable.

### c) The parties' products are identical, so there is no "gap" for ITW to "bridge."

In the Second Circuit, the similarity of the parties' goods—along with the strength of the plaintiff's mark and the similarity of the marks at issue—is one of the most important factors in the likelihood of confusion analysis. *Mobil Oil Corp. v. Pegasus Petroleum Corp.*, 818 F.2d

254, 258 (2d Cir. 1987); *Mobileye, Inc. v. Picitup Corp.*, 928 F. Supp. 2d 759, 781 (S.D.N.Y. 2013) ("the Second Circuit has explained that strength, similarity, and proximity are generally the three most important *Polaroid* factors"). Here, ITW's MUFFLER WELD and J-B Weld's MUFFLERWELD products are identical—both are sealants used to repair automotive exhaust systems and their components.

"The term 'bridging the gap' is used to describe the senior user's interest in preserving avenues of expansion and entering into related fields." *C.L.A.S.S. Promotions, Inc. v. D.S. Magazines, Inc.*, 753 F.2d 14, 18 (2d Cir. 1985). Because the parties in this case are already offering identical types of products, there is no "bridge" to "gap." *New York City Triathlon*, 704 F. Supp. 2d at 338 ("there is no gap to bridge in this case—both Plaintiff and Defendant are offering some of the same services.").

### d) J-B Weld adopted the MUFFLERWELD mark in bad faith.

"[W]here a junior user intentionally copies a mark, a presumption of bad faith arises." *Id*. at 339 (internal citation omitted); *see also WM Int'l, Inc. v. 99 Ranch Mkt. #601*, 329 F.R.D. 491, 499 (E.D.N.Y. 2019)(internal citation omitted); *Franklin v. X Gear 101, LLC*, No. 17CIV6452GBDGWG, 2018 WL 3528731, at *14 (S.D.N.Y. July 23, 2018, *report and recommendation adopted*, No. 17CIV6452GBDGWG, 2018 WL 4103492 (S.D.N.Y. Aug. 28, 2018).

Given that J-B Weld adopted a substantially identical mark for the identical product that replaced ITW's MUFFLER WELD sealant at AutoZone, it is fair to conclude at this stage that J-B Weld proceeded either in bad faith or with intentional indifference to ITW's rights.

          e)        ***Purchasers of the parties' products are not sophisticated and the parties' products are inexpensive.***

"[T]o the extent that a senior user's potential customers … do not have a sophisticated knowledge of the overall market, the likelihood is higher that similarity of trademarks may lead them to believe that a junior user's activities are affiliated with those of the senior user." *Guthrie Healthcare Sys. v. ContextMedia, Inc.*, 826 F.3d 27, 43 (2d Cir. 2016); *see also Nikon, Inc. v. Ikon Corp.*, 803 F. Supp. 910, 920 (S.D.N.Y. 1992) ("the lack of sophistication of a significant number of consumers favors [plaintiff]."). Additionally, "[t]he greater the value of an article the more careful the typical consumer can be expected to be." *Id*.

Even if this Court finds that DIYers who engage in automotive repair projects are sophisticated, "where the products are identical and the marks are identical, the sophistication of buyers cannot be relied on to prevent confusion." *McGregor-Doniger Inc. v. Drizzle Inc.*, 599 F.2d 1126, 1137 (2d Cir. 1979) (superceded by statute on other grounds); *Larsen v. Ortega*, 816 F. Supp. 97, 109 (D. Conn. 1992), *aff'd*, 990 F.2d 623 (2d Cir. 1993). The parties' automotive sealant products are identical and the marks are identical but for a single space.

Here, the parties target the same types of customers and the products are inexpensive. Given the low cost of the parties' products and the fact that they are sold under substantially indistinguishable marks, consumers would likely believe that the MUFFLER WELD and MUFFLERWELD brands emanate from or are related to the same source.

          f)        ***The "actual confusion" and "quality of defendant's products" factors are neutral.***

Although actual confusion is strong evidence in support of a likelihood of confusion, this factor is given little weight when the parties' products have co-existed for a short period of time. *New York City Triathlon*, 704 F. Supp. 2d at 342 (giving lack of actual confusion evidence minimal importance because parties' offerings had only co-existed for two months). J-B Weld

launched its MUFFLERWELD product within the past few months at most, so the amount of time the parties' identical products have co-existed is minimal.

Although ITW has no information regarding the quality (or possible lack thereof) of J-B Weld's MUFFLERWELD product, the quality of the defendant's product is one of the least important confusion factors, particularly at the preliminary injunction stage. *Virgin Enterprises Ltd. v. Nawab*, 335 F.3d 141, 152 (2d Cir. 2003) ("The issue of the quality of the secondary user's product goes more to the harm that confusion can cause the plaintiff's mark and reputation than to the likelihood of confusion."); *CJ Prod. LLC v. Snuggly Plushez LLC*, 809 F. Supp. 2d 127, 156 (E.D.N.Y. 2011) (granting preliminary injunction despite lack of evidence regarding inferiority of defendant's products).

    **2.**    **ITW meets the four-factor test for preliminary injunctions set forth in *eBay*.**

As explained in Section IV(A)(3), *supra*, the four preliminary injunction factors all favor ITW.

**V.**    **CONCLUSION**

Because ITW has established a likelihood of success on the merits of its counterfeiting and trademark infringement claims, and because it satisfies the four-factor injunction test used by this Circuit, ITW respectfully asks this Court to enter a preliminary injunction enjoining J-B Weld from distributing or selling its MUFFLERWELD product during the pendency of this lawsuit.

Dated: September 12, 2019						Respectfully submitted,

/s/ Timothy A. Diemand
**WIGGIN AND DANA LLP**
Timothy A. Diemand (Bar No. CT18075)
tdiemand@wiggin.com
20 Church Street, 16th Floor
Hartford, Connecticut 06103
Telephone:  (860) 297-3700
Facsimile:  (860) 525-9380

– AND –

**PATTISHALL, MCAULIFFE, NEWBURY, HILLIARD & GERALDSON LLP**

Bradley L. Cohn (*pro hac vice* to be filed)
blc@pattishall.com
Ashly I. Boesche (*pro hac vice* to be filed)
aib@pattishall.com
Jessica A. Ekhoff (*pro hac vice* to be filed)
jae@pattishall.com
Jacquelyn R. McPeak (*pro hac vice* to be filed)
jrp@pattishall.com
200 South Wacker Drive, Suite 2900
Chicago, Illinois 60606
Telephone:  (312) 554-8000
Facsimile:  (312) 554-8015

*Attorneys for Plaintiff Illinois Tool Works Inc., on behalf of its Permatex division*

-14-

**CERTIFICATE OF SERVICE**

    I certify that on September 12, 2019, I electronically filed the foregoing document with the Clerk of Court for the United States District Court for the District of Connecticut by using the CM/ECF system and that service will be accomplished through hand delivery on the named defendant J-B Weld Company, LLC.

                                                /s/ Timothy A. Diemand

                                                  Timothy A. Diemand