## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

ILLINOIS TOOL WORKS INC.,
 *Plaintiff*,

  v.          No. 3:19-cv-1434 (JAM)

J-B WELD COMPANY, LLC,
 *Defendant*.

### ORDER GRANTING DEFENDANT'S MOTION TO AMEND AND DENYING PLAINTIFF'S MOTION TO STRIKE AS MOOT

Plaintiff ITW filed a motion to strike the Unclean Hands Defense from defendant's answer to the complaint. Defendant J-B Weld has subsequently moved to amend the answer. Rule 15(a) of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Second Circuit has held "[l]eave may be denied 'for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party.'" *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (citing *Foman v. Davis*, 371 U.S.178, 182 (1962)).

The defendant's amendment would not be futile. Unclean hands is a well-established defense to Lanham Act violations. *See, e.g.*, *Certified Nutraceuticals, Inc. v. Avicenna Nutraceutical, LLC*, 821 Fed. Appx. 701, 703 (9th Cir. 2020); *Romag Fasteners, Inc. v. Fossil, Inc.*, 2021 WL 1700695, at *5 (D. Conn. 2021); *Coach, Inc. v. Kmart Corporations,* 756 F. Supp. 2d 421, 429 (S.D.N.Y. 2010). Plaintiff has not otherwise shown that the defense would be legally or factually impossible. Neither would permitting the defendant to amend cause undue prejudice to the plaintiff. As Judge Vatti noted in his discovery order, the defendant's initial answer was sufficient to give the plaintiff notice of the intended defense. Doc. #129. Additionally, the factual circumstances to which a defense of unclean hands could apply are

1

limited by the scope of the original complaint. Where, as here, a proposed amendment "overlaps substantially with, and is foreshadowed by," claims in the initial pleading, there is less likely to be undue prejudice. *Agerbrink v. Model Services LLC*, 155 F. Supp. 3d 448, 455-56 (S.D.N.Y. 2016). Granting the motion would not cause undue delay. The Court recently granted parties' joint motion to extend the deadline for discovery to two months after resolution of pending motions. Doc. #138. Ample time remains for any needed additional discovery. *Agerbrink*, 155 F. Supp. 3d at 455 (no undue delay where the amendment is filed prior to the close of discovery).

In light of the above, the Court DENIES as moot the plaintiff's motion to strike (Doc. #130). It is so ordered.

Dated at New Haven this 3rd day of October 2022.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge