UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ILLINOIS TOOL WORKS INC.,
    *Plaintiff*,

    v.

J-B WELD COMPANY, LLC,
    *Defendant*.

No. 3:19-cv-1434 (JAM)

**ORDER RE DISCOVERY DISPUTE AND OVERRULING OBJECTIONS TO RULING OF JUDGE VATTI**

Both plaintiff and defendant have filed objections to Judge Vatti's August 1 discovery ruling. The Court has already instructed defendant to file a motion for clarification before Judge Vatti with respect to Production Request 108. Doc. #141. Judge Vatti's order is neither "clearly erroneous" nor "contrary to law," with respect to the parties' other objections, and so I decline to modify or set aside the order. Fed. R. Civ. P. 72(a).

Plaintiff objects to the portions of the order which grant in part Interrogatories 9, 12-14, and RFPs 73, 93, 94, 101, 105, 106, 109, 110, and 112. Doc. #131 at 1. As the Court has granted the defendant's motion to amend the answer (Doc. #134), these requests remain relevant to the affirmative defense of unclean hands. Plaintiff's additional assertion that these requests are irrelevant to proving causation or damages is contradicted by plaintiff's own allegations that since purchasers are more likely to buy domestically manufactured products, defendant's allegedly false labeling has harmed plaintiff. *See* Doc. #1 at 40. In light of the relevance of these discovery requests, Judge Vatti's limitation of the time period from 2016 to present is not clearly disproportionate to the needs of the case. Fed. R. Civ. P. 26(b)(1).

Plaintiff also objects that defendant should not be permitted to conduct discovery on products beyond those alleged to be directly competitive. Judge Vatti's order preserved the

1

possibility of additional discovery if plaintiff's response to Interrogatory 3 is called into genuine question. Doc. #129. Given that any additional discovery is merely hypothetical at this point in time, the Court declines to reach this specific objection at this time.

Defendant objects to the portions of the order which limit discovery on Interrogatory 9 and RFPs 73, 105-106 and 109-110 from 2016 to present. Doc. #132. Defendant does not articulate a convincing reason why effectively doubling the relevant time period is proportional to the needs of the case. While the proffered explanations plausibly demonstrate that information from 2010 to 2016 may be *relevant* to the case, they do not show that the likely benefit would outweigh the additional burden and expense. Fed. R. Civ. P. 26(b)(1).

Accordingly, aside from the request for clarification with respect to Request 108, both plaintiff and defendant's objections to Judge Vatti's discovery order are overruled. It is so ordered.

Dated at New Haven this 3rd day of October 2022.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge

2